

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 21 2008
JUL 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

---

UNITED STATES,

        Plaintiff-Respondent,

v.

WILFREDO CASTRO-OSPITIA,
Reg. No. 17988-424

_____

(Full name and prison number of
movant)      Defendant-Petitioner.

**08CV 4114**
**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE ASHMAN**

)
)   CASE NO. _ _ _ _ _ _ _ _ _ _ _.
)   (To be supplied by clerk)
)
)   (05 CR 393)
)
)
)
)

 

**IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE
A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.**

1.   Place of detention, or if on parole, date of parole release

    Federal Correctional Institution, Ashland, Kentucky         .

2.   Name and location of court which sentence was imposed and name
of judge who imposed the sentence which is now under attack.
U.S. District Court for the Northern District of Illinois, Eastern

    Division, 219 South Dearborn Street, Chicago, Illinois 60604; the Hon.

    Samuel Der-Yeghiayan

3.   Date of judgment of conviction:
     May 1, 2007

4.   Case number: __05 CR 393__

5.   Length of sentence: __130 months imprisonment, 3 years supervised rel.__

6.   Nature of offense involved (all counts): __conspiracy and attempt__

     __to import and distribute heroin in violation of 21 U.S.C. §§ 841(a)(1),__

     __846, 952 and 960.__

7.   What was your plea?              (check one)

     (A)  Not guilty                  (    )
     (B)  Guilty                      ( x  )
     (C)  Nolo Contendere             (    )

8.   Kind of trial:  n/a              (check one)

     (A)  Jury                        (    )
     (B)  Judge only                  (    )

9.   Did you testify at the trial?  n/a

     Yes  (    )              No  (    )

10.  Did you appeal from the judgment of conviction?

     Yes  ( x  )              No  (    )

11.  If you did appeal, answer the following:

     (A)  Name of court __U.S. Court of Appeals, Seventh Circuit__

     (B)  Result __Sentence affirmed__

     (C)  Date of result __March 17, 2008__

12.  Other than a direct appeal from the judgment of conviction and
     sentence, have you previously filed any petitions, appli-
     cations or motions with respect to this judgment in any
     federal court?

     Yes  (    )              No  ( x  )

2

13. If your answer to (12) was **"YES,"** give the following information:    n/a

(A) (1)  Name of court_____

    (2)  Nature of proceeding_____

    (3)  Grounds Raised_____

        _____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes  (    )          No    (      )

    (5)  Result_____

    (6)  Date of result_____

(B) As to any second petition, application or motion, give the same information:

    (1)  Name of the court_____

    (2)  Nature of proceeding_____

    (3)  Grounds Raised_____

        _____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes  (    )          No    (      )

    (5)  Result_____

    (6)  Date of result_____

(C) As to any third petition, application or motion, give the same information:

    (1)  Name of the court_____

    (2)  Nature of proceeding_____

    (3)  Grounds Raised_____

        _____

(4)   Did you receive an evidentiary hearing on your petition, application or motion?

   Yes  (   )              No    (   )

(5)   Result_____

(6)   Date of result_____

(D)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

   (1)   First petition, etc.     Yes  (   )     No  (   )

   (2)   Second petition, etc.    Yes  (   )     No  (   )

   (3)   Third petition, etc.     Yes  (   )     No  (   )

(E)  If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

14.  State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

**CAUTION:   IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A.   Ground one Ineffective assistance of counsel regarding the proffered

statements to government agents.

4

Supporting FACTS (tell your story <u>briefly</u> without citing cases
or law:

Castro-Ospitia was denied effective assistance of counsel when his

counsel advised him to proffer statements to government agents without

adequately investigating what the substance of those statements would

be, or securing an agreement from the government that the statements

would be used as a basis for increasing Castro-Ospitia's sentence.  A

defendant in a criminal proceeding is entitled to the assistance (cont.)

B.    Ground two  n/a.

Supporting FACTS (tell your story <u>briefly</u> without citing cases
or law):

C.    Ground three  n/a.

Supporting FACTS (tell your story <u>briefly</u> without citing cases
or law):

¶ 14A (continued)

of counsel.  Counsel's assistance is constitutionally deficient if, measured against a standard of objective reasonableness, counsel's performance was deficient, and the deficient performance prejudiced the defense to an extent that the outcome of the proceeding is not reliable.  Simply failing to render adequate legal assistance can deprive a defendant of effective assistance of counsel.

Castro-Ospitia entered a guilty plea without a plea agreement.  The single issue that prevented reaching a plea agreement was a disagreement over Castro-Ospitia's role as a leader or organizer in the conspiracy.  The drug quantity related to the conspiracy was sufficient to trigger a mandatory minimum sentence of 120 months imprisonment.  Castro-Ospitia's Base Offense Level under the United States Sentencing Guidelines ("Guideline") was 32.  After applying a two-level upward adjustment for a leadership/organizer role, and a three-level downward adjustment for acceptance of responsibility, Castro-Ospitia's Total Offense Level was 31.  Castro-Ospitia's Guideline sentencing range was determined to be 120 to 135 months of imprisonment.  The applicable range for offense level 31, criminal history category I is 108 to 135 months; however, the statutory mandatory minimum sentence raised the lower level of Castro-Ospitia's Guideline sentencing range to 120 months imprisonment.  The Court sentenced Castro-Ospitia to 130 months of imprisonment.

Whether Castro-Ospitia was a leader or organizer within the conspiracy was a central issue in his case.  Castro-Ospitia did not dispute his guilt as a co-conspirator, but disputed the nature of his role within the conspiracy.  Castro-Ospitia's role in the conspiracy was not an inconsequental

-5(a)-

¶ 14A (continued)

matter. Without the two-level departure for the leader/organizer role, Castro-Ospitia's Total Offense Level would have been 29, and his Guideline sentencing range would have been 87 to 108 months. Further, the leader/organizer role made Castro-Ospitia ineligible for relief from the statutory mandatory minimum sentencing provision.

The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error, in light of all of the circumstances. Essentially, the circumstances and issue that the defense faced was the comparative benefits and risks posed by pursuing a strategy focused on the safety valve provision. Relief from the mandatory minimum sentence would lower the sentencing range to 87 months. However, to qualify for the safety valve, Castro-Ospitia could not have been a leader/organizer in the conspiracy and would have to provide all information and evidence that he had concerning the conspiracy not later than his sentencing. The information provided by Castro-Ospitia could, and ultimately did, not only establish his status as a leader/organizer in the conspiracy; but could also be the basis for increasing his sentence within the Guideline range from a minimum 120 months, up to 135 months.

Despite the significant downside risks associated with conducting a pre-sentencing debriefing, counsel advised Castro-Ospitia to do so without knowing the specific information that would be provided, or securing an agreement that information provided during the debriefing would not be used as a basis to increase Castro-Ospitia's sentence. Under the circumstances, counsel's advice was objectively unreasonable, and is likely to have led to a sentence that is longer than what the Court would otherwise have imposed.

¶ 14A (continued)

The advice and decisions related to whether to seek application of the safety valve provision was an extension of the circumstances presented by the plea agreement offer. An attorney's advice may be deficient if the attorney advises a defendant to reject a plea offer in the face of overwhelming evidence of guilt and absence of viable defenses. After a plea was entered without a plea agreement, counsel's duty shifted to determining the applicability of the safety valve provisions to the case —— i.e., the weight of the evidence that Castro-Ospitia was a leader or organizer and the viability of the counterarguments that the safety valve was applicable to his sentencing. This required a detailed inquiry into the nature of the information and evidence that Castro-Ospitia would provide during the proffer sessions. Without completing this inquiry, counsel could not provide informed advice regarding the potential risks and benefits of pursuing a safety valve reduction.

A lawyer's duty is "'to make reasonable investigation or to make a reasonable decision that makes particular investigation unnecessary, and a failure to investigate can certainly constitute ineffective assistance.'" The principal inquiry as to an ineffectiveness deficiency requirement is whether the investigation, which justified or supported counsel's subsequent strategic decisions, was in-and-of itself unreasonable. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."

Under the circumstances of this case, counsel's incomplete pre-proffer investigation into the applicability of the safety valve provision and counsel's advice to engage in a pre-sentence proffer even though Castro-Ospitia's statements would expose him to an increased sentence was objectively

-5(c)-

¶ 14A (continued)

unreasonable and there is a reasonable likelihood that Castro—Ospitia received

a longer sentence than would otherwise have been imposed.

Ground four  n/a.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law:

15. If any of the grounds listed in 14 A, B, C, and D were not previously presented, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: Ground One could not be presented on direct appeal because the record was not sufficiently developed, <u>see Harris v. United States</u>, 230 F.3d 1054, 1059 (7th Cir. 2000), <u>cert.</u> <u>denied</u> 532 U.S. 988 (2001), 366 F.3d 593, 595 (7th Cir. 2004); and presenting an ineffective    (continues)

16. Do you have any petition or appeal now pending in any court as to the judgment under attack?    Yes (  )    No (x )

    (A) If **"YES,"** state the name of the court and the nature of the proceeding:

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A) At preliminary hearing Richard S. Kling, 5-65 W. Adams St., Ste. 608, Chicago, 1L 60601

    (B) At arraignment and plea same as "A"

6

¶ 15 (continued)

assistance of counsel claim on the direct appeal would have presented an in-
herent conflict of interest for appellate counsel.  See <u>Massaro v. United
States</u>, 538 U.S. 500 (2003).

(C)  At ~~trial~~ Change of Plea  Robert L. Rascia, 61 W. Superior St.,

Chicago, IL  60610

(D)  At sentencing  same as "C"

(E)  On appeal  same as "C"

(F)  In any post-conviction proceeding  n/a

(G)  On appeal from any adverse ruling in a post-conviction
proceeding  n/a

18.  Were you sentenced on more than one count of an indictment, or
more than one indictment, in the same court and at
approximately the same time?      Yes (  )        No ( x )

19.  Do you have any future sentence to serve after you complete
the sentence imposed by the judgment under attack?
Yes (  )        No ( x )

(A)  If so, give the name and location of the court which
imposed the sentence to be served in the future:

(B)  And give the date and length of sentence to be served in
the future:

7

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

[unrepresented]
_____
Signature of attorney (if any)

WILFREDO CASTRO OSPINA
_____
Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  July 10, 2008
                    (date)

WILFREDO CASTRO OSPITIA
_____
Signature of Movant

8